WEBSTER *v*. STEWART.

1. TRIAL — VOIR DIRE EXAMINATION—PEREMPTORY CHALLENGES—
WAIVER.

> In an action against the owner of an automobile for personal injuries received by plaintiff while riding therein, where a juror, on his *voir dire* examination, after he had stated that he owned an automobile, was asked if he was a member of the Citizens' Mutual Automobile Co., and his answer taken over defendant's objection, and defendant's counsel afterward, on direct examination, went into the insurance matter at length, the inquiry complained of was apparently made in good faith, and the record does not disclose that defendant exercised any of his peremptory challenges or preferred any request to charge upon the subject, any error therein, is *held*, to have been waived.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSON
OTHER THAN EMPLOYER.

> Where plaintiff, an employee of a corporation, in the course of his employment, was injured while riding in an automobile driven by defendant, also an employee and vice president and a director of said corporation, as to plaintiff, the defendant was "some person other than the employer," within the meaning of the workmen's compensation act (section 15, part 3, 2 Comp. Laws 1915, § 5468), giving to plaintiff the option to proceed either at law against said other person or under said act against the employer.

3. TRIAL—ARGUMENT OF COUNSEL—CURING ERROR.

> Where there was testimony that plaintiff was seriously injured, that he had suffered considerable pain, and had expended about $300 for medical attendance, a verdict for $800, *held*, to negative any inference of prejudice because of the statement of plaintiff's counsel that he "would not go through what plaintiff did for several times ten thousand dollars," in view of the instructions of the trial judge to the jury not to be influenced by reason of any statement of counsel.

Authorities discussing the question as to who are employees within the meaning of the Compensation Statutes, see notes in L. R. A. 1916A, 113; 245; L. R. A. 1917D, 143, and L. R. A. 1918F, 179.

Error to Calhoun; North (Walter H.), J. Submitted January 22, 1920. (Docket No. 77.) Decided April 10, 1920.

Case by Charles T. Webster against Louis E. Stewart for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cavanaugh & Burke* and *Joseph L. Hooper,* for appellant.

*Ira A. Beck,* for appellee.

CLARK, J. Plaintiff Webster sued defendant Stewart, claiming damages for personal injuries suffered by him while riding in an automobile driven by defendant. It is claimed that the injuries were due to the negligent and unlawful driving of the defendant. Plaintiff was an employee of the Union Steam Pump Company, a corporation of Battle Creek, and both were under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*). Defendant was vice president and a director of the company. When plaintiff was injured both he and the defendant were engaged in the business of the company. They were going for the corporation from Battle Creek to Centerville to list from questionnaires the names of mechanics. Payments were later made to plaintiff by the Union Steam Pump Company, which, it is claimed, were made under the compensation act above mentioned, but there was no report or proceeding as to the accident before the industrial accident board. After accepting four of these payments plaintiff refused to sign a compensation agreement under the act and commenced this suit. The court denied defendant's motion for a directed verdict. Plaintiff had verdict and judgment for $800. By assignments of error defendant presents three questions.

1. A juror on his *voir dire* said he owned an automobile and was asked if he was a member of the Citizens' Mutual Automobile Insurance Company. Over defendant's objection answer was taken and defendant says this was error. Plaintiff testified without objection that defendant told him that he need not worry about the damages, that the insurance on his car would cover all damages done by the car. On direct examination defendant denied making the statement and his counsel went into the insurance matter at length. No complaint is made that any improper use was made of this testimony or that it was improper. There is nothing to indicate that the inquiry complained of was not made in good faith. The record does not disclose that defendant exercised any of his peremptory challenges, or preferred any request to charge upon the subject. The matter, even if meritorious, was waived. *Link* v. *Fahey*, 200 Mich. 308; *Snyder* v. *Mathison*, 196 Mich. 378; *William R. Roach & Co.* v. *Blair*, 190 Mich. 11.

2. Section 15, part 3 (2 Comp. Laws 1915, § 5468), of said compensation act, provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

Plaintiff did not proceed against his employer under the compensation act. *Brabon* v. *Power Co.*, 201 Mich. 697. Defendant claims that he was not "some person other than the employer" under the statute. This was

urged as the ground for a direction of verdict. At the time plaintiff was injured he and defendant were servants of the company. Defendant was acting as a superior under whom plaintiff was working at the time. Defendant does not discuss common law liability, 26 Cyc. p. 1543; 2 L. R. A. (N. S.) 378; 1 Mechem on Agency (2d Ed.), §§ 1460-1478), but says that if he is to be held liable here the provisions of the compensation act above mentioned will be rendered nugatory as to corporations. Judge North in disposing of this question cited and relied on the case of *Churchill* v. *Stephens*, 91 N. J. Law, 195 (102 Atl. 657). The New Jersey workmen's compensation act has a provision substantially like the one above quoted. In that case the plaintiff was employed in a shop of which defendant was foreman or superintendent. Plaintiff in the employment was injured and claimed that such injury resulted from defendant's negligence. The court said:

"The suggestion that the workmen's compensation act deprives the plaintiff of his right of action is unavailing in the face of the amendment of 1913 (Pamph. L. p. 312) which enacts that the existence of a right of compensation from the employer under the statute shall not operate as a bar to the action of the employee. It is said that the defendant is not a third person within the meaning of the act. We see no reason for attributing to the words 'third person' any other meaning than the usual one. It must mean, as indeed the subsequent language of the section makes perfectly plain, a person other than the employer or employee."

The words of our statute "some person other than the employer" should be given their plain and usual meaning. The corporation was the employer. As to the plaintiff employee, the defendant was a person other than his employer.

3. Plaintiff's attorney in argument said: "I would not go through what Mr. Webster did for several

times ten thousand dollars." Defendant says this was prejudicial error. Upon objection, plaintiff's attorney said he desired to amend the statement and asked the court to charge the jury and the court thereupon said:

"For the time being we will pass it by, saying to the jury that they must not be influenced in their determination by statements of counsel not justified by the evidence in the case, and it is not a question of what counsel would endure the suffering for or what any juryman would endure the suffering for, but it is a question for the jury to determine if it finds in favor of the plaintiff, and they should not be influenced by reason of any statement of counsel."

And in the general charge the court repeated substantially this instruction. The testimony of plaintiff and his witnesses indicated that plaintiff was somewhat seriously injured, that he had suffered considerable pain and had expended about $300 for medical attendance. The amount of the verdict may be said to negative any inference of prejudice because of the statement of counsel and the error was cured by the instructions of the court. The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.