## McEvilly v. L. E. Myers Company.

(Decided November 6. 1925.)

## Appeal from Mercer Circuit Court.

1. Negligence—Violation of Duty Causing Injury Essential to Liability.—To create a cause of action against one charged with negligence, he must have owed and violated duty to injured party; and injury must have been proximate result of negligence.

2. Negligence—Complaint Held Bad as Failing to Show Duty to Provide Safe Means of Escape.—Complaint alleging that plaintiff was employed by defendant's subcontractor as engineer, and that while refilling engine standing on inclined track owned by defendant it started backward, due to defective brakes, and that plaintiff, in attempting to escape, ran against car standing on tracks without signal indicating presence, and was injured by runaway engine, does not state cause of action, since there was no duty on defendant, who was not plaintiff's employer, to provide plaintiff with reasonably safe means of escape from unanticipated danger, where it could not reasonably have foreseen emergency and was not responsible for defective brakes.

3. Negligence—Negligence in Leaving Car Without Signal Held Not Proximate Cause of Injury.—Where plaintiff was employed by defendant's subcontractor as engineer, and while refilling engine standing on inclined track owned by defendant, engine started backward, due to defective brakes, and plaintiff, in attempting to escape, ran against car standing on tracks without any signals indicating presence, and was injured by runaway engine, defendant's negligence in so leaving its car standing was not proximate cause of injury.

4. Master and Servant—Injured Employee's Right of Action Against Third Person Under Compensation Act Dependent on Legal Liability.—Where injury to employee of defendant's subcontractor was caused under circumstances showing no legal liability on defendant, employee has no cause of action against defendant, under Workmen's Compensation Act, section 9, which applies only under circumstances creating in some other person than employer a legal liability.

5. Master and Servant—Provision of Compensation Act Giving Injured Employee Option to Sue "Other Person" Does Not Apply as Between Contractor and Employee of Subcontractor.—Under Workmen's Compensation Act, section 9, where injury is caused under circumstances creating in some other person than employer a legal liability, employee has option of claiming compensation from employer or suing other person for damages, expression "some other person" refers to a third party having no connection with general work performed, whose negligence was wholly disconnected with work, and does not apply between contractor and employee of subcontractor working on same premises in per-

formance of ultimate object of contract, especially where all parties operate under Workmen's Compensation Act.

6.   Master and Servant—Provision Allowing Compensation from Immediate Employer and Principal Contractor Applies, where all Parties Operate Under Compensation Act.—Where principal contractor, subcontractor, and employee of subcontractor are all operating under Workmen's Compensation Act in performance of subject-matter of contract on same premises, Ky. Stats., section 4891, applies, so that injured employee may hold immediate employer and principal contractor liable under Workmen's Compensation Act, but may recover but one compensation.

HENRY JACKSON and C. E. RANKIN for appellant.

E. H. GAITHER and H. L. MEANS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, T. R. McEvilly, by this ordinary action, sought to recover of the appellee and defendant below, the L. E. Myers Company, $25,-000.00 damages for injuries alleged to have been sustained by him through the negligence of defendant, and in his petition he averred the facts upon which he relies as constituting its negligence. They were: That defendant was the contractor to construct Dix River Dam and that a part of the work was sublet to J. B. Lusk & Company as a subcontractor, and that plaintiff was employed by the latter as engineer of a locomotive engine and was engaged at the time he sustained his injuries in the discharge of his duties as employe of the subcontractor; that he was refilling his engine, which he had stopped on an incline with a brake applied thereto, and from some cause (not stated) he went immediately to the rear of it while it was being refilled with coal and when it was standing on a spur track constructed and owned by defendant when it "unexpectedly and due to defective brakes, which was unknown to plaintiff and could not have been discovered by the exercise of care by plaintiff, and without fault on part of plaintiff, became disengaged and ran back in the dark toward and at plaintiff, and that plaintiff, in attempting to escape being run over and killed by said engine, and in running down the track to a point where he could get off said track, which was blocked on one side by coal and on the other by a cliff or precipice, the plaintiff ran into and was struck by a car wrongfully left standing in the dark on said track, by the defendant, its agents and servants, without a light or other means thereon to show or indicate the presence

of said car, causing plaintiff to be knocked down and caught between said runaway engine and defendant's said car, breaking and crushing plaintiff's leg, causing same to be permanently shortened and stiff and useless and crippling and injuring plaintiff in other portions of his body and limbs, to his damage in the sum of twenty-five thousand dollars ($25,000.00); all of which was caused solely by and due to the gross negligence of defendant, its agents and servants, in wrongfully leaving said car standing in the dark without lights or other signal or notice thereon indicating its presence and in said place where it was plaintiff's duty to be in the performance of his duties aforesaid." Defendant demurred to the petition, which the court overruled and to which it excepted. It then filed its answer in which it denied all averments of negligence on its part, or the violation of any duty it owed to plaintiff, and in another paragrpah it affirmatively pleaded, in substance, that it had accepted and was at the time operating under our Workmen's Compensation Statute; that plaintiff's employer and defendant's subcontractor (Lusk & Company) had also accepted the provisions of that statute, and that plaintiff as its employe theretofore signed its register by which he also accepted the provisions of the statute and was operating thereunder at the time he was injured; that after his injury he made application to the compensation board for an award, which was duly and legally rendered and which had been or was being performed by Lusk & Company according to its terms. Plaintiff demurred to that paragraph of the answer, which the court overruled, and declining to plead further, his petition was dismissed, to reverse which he prosecutes this appeal and urges as practically his sole ground for a reversal the provisions of section 4890 of our present statutes, which is section 9 of the compensation act, as construed by us in the case of Book v. City of Henderson, 176 Ky. 785, as sustaining his right to maintain this ordinary action against defendant, the principal contractor. However, a question preceding that one is presented by the record, i. e., whether the petition stated a cause of action against defendant so as to justify the judgment overruling the demurrer filed thereto, and which question we will first determine.

It is a fundamental doctrine in the law of negligence that it can not exist so as to form the basis of a cause of action against the one charged with it, unless he owed some duty to the one asserting it and violated that duty

to the detriment, injury and damage of the complaining party. As tersely stated in Caldwell's Kentucky Judicial Dictionary, volume 6, page 1918: "The rule is universal that where there is no duty there can be no negligence. West Ky. Coal Co. v. Smithers, 188 Ky. 224; Nelson Creek Coal Co. v. Bransford, 189 Ky. 743." And, also, "Negligence is the failure to perform a duty, and if there is no duty, there is no negligence. Watson's Admr. v. C. & O. Ry. Co., 170 Ky. 254." And yet again, "Actionable negligence arises from a failure to perform a duty which one owes to another, and where there is no failure to perform a duty there is no actionable negligence. Piersall's Admr. v. C. & O. Ry. Co., 180 Ky. 659; Walker v. Louisville Ry. Co., 182 Ky. 299." See also Leonard v. Enterprise Realty Co., 187 Ky. 578, and Laxton v. Wisconsin Steel Company, 179 Ky. 652. It is, furthermore, the well settled rule that, even where negligence is shown, yet there can be no recovery, unless it also appears that the injury complained of was the proximate result of the negligence. See same book, pages 2234, 2235, 2236, 2237, 2238, 2239 and 2340, and also the cases of Nunan v. Bennett, 184 Ky. 591; Seimer v. C. & O. Ry. Company, 180 Ky. 111; Cundiff v. City of Owensboro, 193 Ky. 168; Johnson v. M. & O. R. R. Company, 178 Ky. 108; Sutton's Admr. v. L. & N. R. R. Company, 168 Ky. 81, and many others cited in the publication referred to.

It will be observed that the plaintiff was not the servant of defendant, but his immediate employer had the right to use the spur track upon which defendant had left the standing car with which plaintiff collided in his efforts to escape from the emergency danger and which in turn was brought about by the defective brakes on the engine he was operating, and which may or may not have been negligence on the part of his immediate employer. So that, he was practically in the position of one placed in emergency and at the time he sustained his injuries for which he sued he was endeavoring to escape from the danger so produced. Evidently, if plaintiff had been operating his engine on the track in the performance of his duties for his employer in the usual and ordinary way and had collided with the standing car without being warned by signals or otherwise of its location, there would be no question of negligence on the part of defendant; but we have no such case here. On the contrary, as we have seen, plaintiff, in effect, is complaining because defendant did not maintain its track in a reasonably safe

condition for him to make his escape from the consequences of a sudden and imminent danger whereby he was placed in an emergency, and, unless it was the duty of defendant to maintain and provide him a reasonably safe means of escape from such sudden and unanticipated danger it was not guilty of negligence towards him under the facts alleged in his petition.

To our minds it is perfectly clear that defendant was under no such duty. It could not in the exercise of ordinary prudence reasonably foresee or anticipate that such an emergency would arise as is described in the petition, nor that plaintiff would be compelled to escape from his emergency created peril along and over its tracks so as to impose on it the legal duty to keep its track unobstructed in order to afford him that opportunity. Nunan v. Bennett, *supra*. The mere statement of the proposition is a sufficient answer to the contention that the defendant, under the allegations of the petition, was guilty of actionable negligence towards plaintiff; since to hold that it was, would be in direct conflict with the fundamental rule, *supra*, that negligence involves the violation of a duty. Perhaps a different question would be presented if defendant by its negligence created the emergency and in which it was guilty of violating some duty toward plaintiff. But whether so or not, there is no pretense in this case that defendant was in any wise responsible for the defective condition of the brakes on the engine of its subcontractor and by means of which it was caused to start backwards, necessitating plaintiff making his escape. The facts alleged also demonstrate that the negligence of defendant, if any, in leaving its car standing, as alleged in the petition, was not the proximate cause of the injury. The court, therefore, erred in overruling defendant's demurrer filed to the petition.

What we have thus far said also takes the case out of the provisions of section 4890 of our statutes and upon which plaintiff relies for a recovery; for that section does not apply except "under circumstances creating in some other person than the employer a legal liability." There being no legal liability alleged against defendant, as we have seen, there is no occasion for the application of that section. If, however, it were otherwise, we are of the opinion that the "some other person," as used in that section, refers to a *third* party having no connection with the general work being performed and whose act of negligence was wholly disconnected with that work, and that

the section does not apply as between the contractor and the employe of a subcontractor working upon the same premises in the performance of the ultimate object to be accomplished; and especially so if both of them, as well as the employe, are operating under the provisions of the compensation act. When they are so operating then the following section (4891) applies. Under its terms the injured employe may not only proceed against his own employer for an award before the board, but, if such award or any part of it is not paid, he may also proceed in like manner against the contractor above his employer, and so on up to and including the principal contractor. There are other provisions in that section relating to the rights of the different contractors as between themselves but which are not involved in this case. It is furthermore provided in that section that but one compensation may be received by the employe. Here, as we have seen, defendant and its subcontractor were not only "engaged upon the subject matter of the contract," but also "the injury occurred on, in, or about, the premises on which the principal contractor has undertaken to execute work," and which were under his control and management. Defendant and plaintiff's employer were each operating under the compensation act, and the case is clearly one coming within the provisions of section 4891. The court did not err in overruling the demurrer filed to the paragraph of the answer averring the facts requiring the application of that section.

Wherefore, the judgment is affirmed.