METZGER, Appellant v. J. F. BRUNKEN & SON, INC., Respondent

(169 N.W.2d 261)

(File No. 10614. Opinion filed June 24, 1969)

**William F. Clayton,** Sioux Falls, for plaintiff and appellant.

**Woods, Fuller, Shultz & Smith, Francis M. Smith,** Sioux Falls, for defendant and respondent.

BIEGELMEIER, Presiding Judge.

From the record it appears defendant corporation entered into a contract with the City of Sioux Falls to construct a sewer line and subcontracted a portion of the work to one Fanebust as an independent contractor; that James Metzger, an employee of Fanebust, met his death August 8, 1966 while engaged within the course and scope of his employment in the performance of this subcontract. In this employment Fanebust and employee Metzger were covered by and subject to the South Dakota Workmen's Compensation Law being SDC 64 (herein referred to as Law), and in due proceedings thereunder Workmen's Compensation benefits were determined and paid to plaintiff's administrator by the insurer from whom Fanebust had secured payment of compensation to his employees as provided by SDC 64.0106. Thereafter plaintiff commenced this action on the theory that defendant, the principal contractor, was liable under SDC 1960 Supp. 37.2201 for negligently causing the death of Metzger. Defendant made a motion for summary judgment (RCP 56) which the trial court granted. The only assignment of error is that the court erred in entering the judgment dismissing the action upon its merits.

Whether the rights and remedies of the Workmen's Compensation Law exclude the right to bring this action is the question presented by this appeal. Plaintiff's brief quotes and bases her claim on Sections 413, 416 and 427 of Restatement, Second, Torts. As we believe sections of our Law cited and discussed in defendant's brief, none of which is either cited or discussed in plaintiff's brief, are determinative of the question, they are quoted at the outset:

SDC 1960 Supp. 37.2204 "Where applicable the law relating to workmen's compensation supersedes the provisions of this chapter."

SDC 64.0104 "The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other

rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death."

SDC 64.0108 "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any one of his subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer. Any principal, intermediate, or subcontractor who shall pay compensation under the provisions of this section may recover the amount paid from any person, who, independently of this section, would have been liable to pay compensation to the injured employee. Every claim for compensation under this section shall in the first instance be presented to and instituted against the immediate employer, but such proceeding shall not con⸱stitute a waiver of the employee's rights to recover compensation under this title from the principal or intermediate contractor, but the collection of full compensation from one employer shall bar recovery by the employee against any others, and he shall not collect from all a total compensation in excess of the amount for which any of such contractors is liable. This section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management."

Generally speaking the provisions of workmen's compensation acts in relation to the liability of general employers for injuries to employees of a subcontractor are said to be of two kinds: those which merely require the principal contractor to see that his subcontractor carries compensation insurance or those which directly impose liability on him for injuries to the employees of his independent contractor or subcontractor. The latter are generally construed as creating an exclusive remedy. 151 A.L.R. 1359, 1364 and 166 A.L.R. 813, 815.

Tennessee in 1943 had an act which included provisions identical with our SDC 64.0104 and SDC 64.0108. In Adams v. Hercules Powder Co., 180 Tenn. 340, 175 S.W.2d 319, 151 A.L.R. 1352, the court held that an employee of a subcontractor could not sue the principal contractor in a common law action for injuries received while in the employ of a subcontractor and that their Code Section 6859 (our SDC 64.0104) excluded all other rights and remedies of the employee. The court referred to the changed rights of employees under the Act, the deprivation of the former right of employers to make certain common law defenses to claims for compensation and that the chief benefit of employers was they were immune from suits at common law. That opinion also dealt with a plaintiff's contention that he should not be deprived of the right to sue because the principal contractor or employer is only "secondarily liable" to pay compensation under the Tennessee Code 1932 § 6866 (our SDC 64.0108). It answered this by saying where the principal contractor is liable to pay compensation "to the same extent as the immediate employer" an injured employee of a subcontractor is barred from bringing such action. See in accord Clower v. Memphis Light, Gas & Water etc., 54 Tenn.App. 716, 394 S.W.2d 718.

Kentucky had statutes in 1940 practically identical with our SDC 64.0301 and SDC 64.0108, being §§ 4890 and 4891; both are set out in Jennings v. Vincent's Adm'x, 1940, 284 Ky. 614, 145 S.W.2d 537 and the latter in Simmons v. Clark Construction Co., 1968, Ky., 426 S.W.2d 930. There the court stating its position, wrote:

"We are unwilling to depart from our decision in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068 (1925) that an employee of a subcontractor could not successfully sue the principal contractor for common law damages."

See also Whittenberg Engineering & Construction Co. v. Liberty Mutual Ins. Co., 1965, Ky., 390 S.W.2d 877; Roberts v. Barclay, Okl., 369 P.2d 808 and Kasowitz v. Mutual Construction Company, 1967, 154 Conn. 607, 228 A.2d 149 under similar Acts.

The first sentence of SDC 64.0108 makes the principal contractor liable for the compensation under the Law to any employee injured while in the employ of any one of his subcontractors and engaged in the subject matter of the contract "to the same extent as the immediate employer". While a later provision of that section requires the employee to first make claim for compensation against his immediate employer (the subcontractor) the principal contractor remains liable to pay all or any unpaid part of the compensation due. A text writer has designated the liability so created as that of a "statutory employer" to a "statutory employee" of the principal contractor. Larson's Workmen's Compensation Law § 49.11. The author says in § 72.31:

> "Since the general contractor is thereby, in effect, made the employer for the purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation; and the great majority of cases have so held. * * * The general contractor, like the immediate employer, is subjected to non-fault liability for compensation, whether you call him a statutory employer or insurer or anything else; and he ought in return to get immunity from damage suits."

■ We conclude the principal contractor is not liable in this action, given as here appears, the other requirements of SDC 64.0108 to make that Law applicable.

If it be contended some of the cases cited have involved common law actions for injuries and not an action under SDC 37.22, our Lord Campbell's Act, SDC 1960 Supp. 37.2204 declares the workmen's compensation law where applicable, supersedes Chapter 37.22 and SDC 64.0104 expressly excludes all rights and remedies of the "employee, his personal representatives, dependents, or next of kin, on account of such injury or death", which includes SDC 1960 Supp. 37.22, the cited statutory right. Indeed, Jennings v. Vincent's Adm'x 1940, 284 Ky. 614, 145 S.W.2d 537, an-

swered this by stating it would be unreasonable to suppose the legislature intended to differentiate between injuries only and injuries which proved fatal. The Simmons v. Clark Construction Company opinion also involved a companion action of one Pate against the same company; Simmons was injured, Pate was killed and the court opinion applied to both actions.

A provisions of SDC 64.0301 as amended by Chapter 224, Session Laws of 1964 states:

"Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both; and if compensation has been awarded and paid under this title and the employee has recovered damages from another person, the employer having paid the compensation may recover from the employee such an amount equal to the amount of compensation paid by the employer to the employee".

While plaintiff has not claimed his right to maintain the action under this section, from what has been said heretofore, it is of no help to him. Having followed the plain dictates of SDC 64.0108 that the principal contractor is liable for compensation under the Workmen's Compensation Law "to the same extent as the immediate employer," it cannot follow the principal contractor is "some other person than the employer" so as to be liable for compensation under the Act and also for damages. The wording of SDC 64.0301 does not justify that construction.

The court in McEvilly v. L. E. Myers Co., supra, disposed of this contention as follows:

"We are of the opinion that the 'some other person,' as used in that section, refers to a **third** party having no

connection with the general work being performed, and whose act of negligence was wholly disconnected with that work, and that the section does not apply as between the contractor and the employee of a subcontractor working upon the same premises in the performance of the ultimate object to be accomplished".

Returning to plaintiff's reliance on Sections 413, 416, and 427 of Restatement, Second, Torts, and without any indication of our viewpoint as to them in a situation in an action where they may be claimed to be applicable, each of them relates to liability of one who employs an independent contractor to do work: "likely to create * * * a peculiar unreasonable risk of physical harm to **others"**, § 413; the same, omitting "unreasonable" in § 416 and "work involving a special danger to **others"**, § 427 (emphasis supplied).

We have concluded the Workmen's Compensation Law is applicable and, as the principal contractor is liable thereunder for compensation to "any employee injured while in the employ of any one of his subcontractors * * * to the same extent as the immediate employer" (SDC 64.0108), he also stands in the shoes of an employer in SDC 64.0301. Therefore, he is not "some other person than the employer" (SDC 64.0301) against whom the injured employee may proceed at law. In effect he is a "statutory employer" as Professor Larson describes him, and not within the term "others" referred to in the cited Restatement sections.

Plaintiff cites three opinions as interpreting the word "others" in the Restatement sections as meaning employees of subcontractors. The Workmen's Compensation Act does not appear to have been involved nor was it mentioned by the court in either Giarratano v. Weitz Company, 1967, 259 Iowa 1292, 147 N.W.2d 824, or Woolen v. Aerojet General Corporation, 1962, 57 Cal.2d 407, 20 Cal.Rptr. 12, 369 P.2d 708. Larson in his treatise, § 72.31, supra, note 22 lists Iowa and California as two of the few states which do not have the "statutory employer" statute. Neither does it appear in the complicated situation involved in

Associated Engineers, Inc. v. Job, 1967, 8 Cir., 370 F.2d 633, that defendant Grand Electric Cooperative asserted the defense of the Workmen's Compensation Law and no mention was made of or consideration given to it in the opinion. Plaintiff's brief admits, as stated in Welker v. Kennecott Copper Company, infra, the case law in this area is in irreconcilable conflict. One need but read the cases and texts cited as well as others noted herein to confirm this comment.[1] Those opinions and the myriad of situations and cases therein cited lend support to the court's observation in Welker v. Kennecott Copper Company, 1965 1 Ariz.App. 395, 401, 403 P.2d 330, 336, that:

"The theories presented by the plaintiff have required this court to delve deep into the so-called non-delegable duties of a contractee with an independent contractor. In so doing, the court has become embroiled in a mass of case law which seems to know no end. In this mass of opinion, certain distinctions are purported to be made, and much of this has found its way into the Restatement of Torts in the sections above quoted (§§ 413, 414, 416, 422, 427). The author of this opinion must confess that in the context at hand, that is, when there is a question of the liability of the owner of land to an employee of an independent contractor, the purported distinctions seem confusingly blurred."

Welker, Hagberg[2] and indeed the Restatement, Second, Torts (§ 409) all start with the premise that generally speaking a contractor is not liable for the negligence of the independent contractor or his employees. The clash comes whether the principles promulgated in 1965 by the American Law Institute in its Restatement, Second, Torts are construed to modify and in effect amend the South Dakota Workmen's Compensation Law enacted by the Legislature in 1917 and amended by it over the years.

---

1. Richardson v. United States, 1966, D.C., 251 F.Supp. 107 (W.D.Tenn.) contractee not liable; Hagberg v. City of Sioux Falls, 1968, D.C., 281 F.Supp. 460, liable; Corban v. Skelly Oil Company, 1958, 5 Cir., 256 F.2d 775, not liable under Ark. W.C. Act.

2. Hagberg v. City of Sioux Falls, 1968, D.C., 281 F.Supp. 460 is cited by plaintiff that digging a ditch is intrinsically dangerous and involves a non-delegable duty of the main contractor. This opinion is discussed later.

In Hagberg, plaintiff was an employee of Fanebust excavating a trench for a sewer under contract with the city and while using an air hammer detonated some unexploded buried dynamite remaining from previous blasting operations. The court, following Woolen v. Aerojet General Corporation that § 413 applied and the comment of the court in Associated Engineers, Inc. v. Job, both supra, that this section "would probably extend" to an employee of an independent contractor so as to be included in the word "others" within the purview of that section, cited as supporting it Giarratano v. Weitz Company, with Welker v. Kennecott Copper Co., both supra, as contra. We have pointed out that the Iowa opinion did not involve the defense of the Workmen's Compensation Law and that Larson indicates the Iowa law is not the "statutory employer" type of law we have. The Hagberg opinion then deals with the defense of the Workmen's Compensation Law in a footnote by citing the Welker opinion and SDC 64.0104 which declares the rights and remedies thereunder to be exclusive of all others. The footnote continues "This, however, is as against his immediate employer"; with this we agree, except that it also extends to the "principal, (contractor) intermediate, (contractor) or subcontractor" who are liable for the compensation "while in the employ of any one of his subcontractors * * * to the **same extent** as the **immediate employer."** SDC 64.0108 (emphasis supplied). Having here determined the principal contractor is liable for the compensation under our Law, he is also therefore entitled to its protection. The footnote continues by mentioning the reporter's notes to Chapter 15 of the Tentative Draft of the Restatement of Torts 2d, excluding an employee from the purview of the sections alluded to (for which see Richardson v. United States, 251 F.Supp. 107, and Welker v. Kennecott Copper Company, supra) and calling attention to the fact this Note was not included in the final draft. See Gowdy v. United States, D.C., 271 F.Supp. 733, 746, also supra.

We have neither attempted to discuss the many opinions cited and determined on this subject nor gone into the philosophy

or purpose of workmen's compensation acts.[3] Our conclusion seems in accord with its purposes to provide sure and prompt relief for the workmen and yet avoid uncertain and possible catastrophic losses to employers and general contractors. To construe our Law to permit actions by an employee subject to that Law against the general contractor or employer for all the exceptions named in the Restatement would in effect negate the compensation purposes and provisions.

█ There being no genuine issue of any material fact defendant was entitled to judgment as a matter of law. Wilson v. Great Northern Railway Company, 83 S.D. 207, 157 N.W.2d 19 (summary judgment denied); Kasowitz v. Mutual Construction Company, 1967, 154 Conn. 607, 228 A.2d 149 (summary judgment granted).

Affirmed.

All the Judges concur.

█

█

---

3. Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649; Breitwieser v. State, N.D., 62 N.W.2d 900; 99 C.J.S. Workmen's Compensation § 5.