WILSON et ux, Appellants v. HASVOLD, Respondent

(194 N.W.2d 251)

(File Nos. 10956, 10957. Opinion filed February 7, 1972)

**Murray Ogborn, Siegel, Barnett, Schutz, O'Keefe & Ogborn,** Aberdeen for plaintiffs-appellants.

**Carleton R. Hoy, Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for defendant-respondent.

HANSON, Presiding Judge.

Harold K. Wilson and his wife, Ruby Wilson, instituted separate common-law actions for damages alleged to have been caused by the negligence of defendant, Marvin C. Hasvold. Defendant's motions for summary judgment were granted by the trial court and plaintiffs appeal.

Both actions arise out of an industrial accident on August 20, 1968 while plaintiff, Harold K. Wilson, was working in the course of his employment as construction superintendent for the Turner Construction Company. The accident occurred near Ordway, South Dakota, where the Turner Company was in the process of constructing a highway bridge. A large crane operated

by another employee was being utilized to remove metal pilings. The boom on the crane collapsed and struck plaintiff. As a result of his injuries plaintiff received the maximum allowable workmen's compensaiton benefits.

At the time of the accident defendant, Hasvold, was also on the job site operating a caterpillar tractor which was being used to anchor or stabilize the crane. Hasvold is president of the Turner Construction Company and owns 80 percent of its stock. The complaints, in the present actions, allege defendant was an employee of the Turner Construction Company and plaintiffs' injuries and damages were proximately caused by defendant's negligence in operating a piece of heavy equipment and in directing the operation of the crane.

The rights and remedies of an employee covered by the provisions of our Workmen's Compensation Act are restricted by SDCL 62-3-2 as follows:

"The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death."

One exception to the exclusivity of the act is a right of action against third persons as provided by SDCL 62-4-38:

"Whenever an injury for which compensation is payable under this title shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both."

The narrow question presented is whether or not defendant Hasvold, as president and controlling stockholder of the Turner Construction Company, is "some other person than the employer" subject to plaintiffs' common-law actions for damages. The Turner Construction Company was plaintiff's employer in fact, but defendant contends the statutory immunity from common-law actions protects him as well as the corporation.

█ Defendant's contention disregards the fact the Turner Construction Company, as a corporation, is a separate legal entity. The corporate veil would have to be pierced and defendant would have to be regarded as the alter ego of the corporation. This is contrary to the express provisions of our Workmen's Compensation Act as SDCL 62-1-7 makes him an "employee" by providing "Every duly elected or appointed executive officer of a corporation, other than a charitable, religious, educational, or other nonprofit corporation, shall be an employee of such corporation under this title." This provision prevents a corporate officer from wearing two hats at the same time. He cannot, at his option, be an "employer" to gain immunity as the alter ego of the corporation and at the same time be an "employee" for the purpose of receiving workmen's compensation benefits.

█ In some jurisdictions the class of persons immune from third party actions by injured employees has been broadened by statute. For example, they include "the employer and his employees" or "the employer and those doing his business", or "to a person in the same employ". However, our statute confers immunity upon the employer only. An injured employee may therefore maintain a common-law action for negligence against his fellow-employee in this state who may also be a corporate officer. This was the conclusion reached in Webster v. Stewart, 210 Mich. 13, 177 N.W. 230, in which an employee brought a common-law action against the vice president and director of the employing corporation for injuries allegedly caused by defendant's negligence while both were engaged in company business. In construing statutes identical to ours the Michigan Court said "The words of our statute 'some person other than the employer' should be given their plain and usual meaning. The corporation was

the employer. As to the plaintiff, employ'e, the defendant was a person other than his employer." Also see Comprehensive Annotation on "Right To Maintain Direct Action Against Fellow Employee For Injury or Death Covered by Workmen's Compensation" in 21 A.L.R.3d 845.

The general rule on this subject is summarized in Larson's Workmen's Compensation Law, § 72, p. 179 as follows:

"The question whether a corporate officer should be treated as the alter ego of the corporation and partake of its immunity turns out, not surprisingly, to have a quite different answer here than in the cases in which the corporation is attempting to deny the identity between officer and corporation in order to deny corporate liability for assault committed by the officer. In the present setting, modern cases consistently hold that a person who is a corporate officer, director, stockholder, or all three can still be treated merely as a co-employee, for purposes of being held accountable in a damage suit."

In the case of Neal v. Oliver, 246 Ark. 377, 438 S.W.2d 313, cited by defendant, the injured employee brought a tort action against the defendant Oliver who was president, general manager, and principal stockholder of a family owned corporation. Plaintiff alleged defendant was negligent "in assigning her to work on an unsafe machine and in failing to provide the machine with a protective device". Under the particular facts and pleadings the court concluded Oliver was not a "third party" amenable to plaintiff's action for damages. But it may be assumed the Arkansas Court in a proper case would consider a corporate officer to be a fellow-employee responsible for his own personal negligence causing or contributing to another employee's injuries. This is reflected in the following pertinent portions of its opinion:

"    *    *    *    a president or manager of a corporation or a business may or may not be a fellow-employee to others who are employed by the same corporation or

in the same business, and he may or may not be personally liable for his tort causing injury to a fellow-employee, depending on the nature of the tort in some states and the scope of his duties and authority in others.   *   *   *

The appellant has cited no case, and we have found none, where the owner and president of a family corporation who hires, fires and directs his employees and who has provided them workmen's compensation insurance coverage, has been held personally liable in tort for injuries sustained by negligently maintained equipment or unsafe working conditions under a workmen's compensation statute similar to our own.  Under compensation coverage the employer gives up the defense of contributory negligence and the injured employee is relieved of the burden of proving negligence but he gives up the right to sue his employer in a court of law.   *   *   *

The appellant was not injured by a direct negligent act of Oliver, he wasn't even on the premises when the appellant was injured.  The negligence the appellant complains of is Oliver's failure to provide a safe place for her to work as required by state law.  Certainly the safety requirements under the labor laws should be enforced in this state and their violation should not go unpunished, but if Oliver was merely a third party fellow-employee, he had no duty to furnish a place for appellant to work — safe or otherwise.  If the corporation was the employer and Oliver was the mere president, he was not personally liable in tort or under the compensation act for injuries sustained by corporate employees who are injured on defective corporate owned and maintained machines and equipment.  If Oliver was the actual employer, his corporate title made no difference.  His business was within the provisions of the Workmen's Compensation Law, the appellant's injury was compensable under the compensation law, and her rights thereunder are exclusive."

Summary judgments for defendant were apparently granted by the trial court largely upon the authority of Metzger v. J. F. Brunken & Son, Inc., 84 S.D. 168, 169 N.W.2d 261, in which plaintiff Metzger was an employee of a subcontractor who brought a tort action against the principal contractor after having received full workmen's compensation benefits. In sustaining summary judgment for defendant our court relied upon SDC 64.0108 (now SDCL 62-3-10) which, in effect, extended the immunity of the employer to the principal contractor. The principal contractor was considered a "statutory employer" entitled to immunity and not "some other person than the employer" subject to a third party action. The portion of the Metzger opinion evidently and understandably relied upon by the trial court in the present action was the following quote from the Kentucky case of McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068:

> " 'We are of the opinion that the "some other person", as used in that section, refers to a **third** party having no connection with the general work being performed, and whose act of negligence was wholly disconnected with that work, and that the section does not apply as between the contractor and the employee of the subcontractor working upon the same premises in the performance of the ultimate object to be accomplished'."

However, in the recent case of Peters v. Radcliff Ready Mix Concrete Inc., Ky., 412 S.W.2d 854, the Kentucky Court realized the quoted passage was far too broad, needed qualification, and "should not be interpreted and applied to extend immunity from common-law liability beyond the limits deducible from McEvilly and Miller". We fully agree with the Kentucky Court that such quotation applies only to a principal-subcontractor relationship and should not be extended to a tort action involving fellow-employees.

In summary, we conclude plaintiff's common-law actions are maintainable against defendant Hasvold as a fellow-employee. The corporation was entitled to immunity, but this did not extend to its corporate officers. Consequently, defendant

occupies the status of "some other person than the employer" under our Workmen's Compensation Act. As an employee defendant may be individually liable insofar as his personal negligence caused or contributed to plaintiff's injuries. But, as he cannot be considered an "employer" for purposes of immunity, he cannot be held personally liable for conduct or conditions falling within the ambit of responsibility of the corporate employer.

As there are genuine issues of material facts for decision summary judgments for defendant should not have been granted.

■ In this case the wife's action for loss of consortium was combined for purposes of appeal with her husband's personal injury action. As an action for loss of consortium is derivative in nature it should also be combined for trial with the injured spouse's action in order to avoid the danger of double recovery and the expense of duplicate trials. See Thill v. Modern Erecting Company, 284 Minn. 508, 170 N.W.2d 865; Ekalo v. Constructive Service Corporation, 46 N.J. 82, 215 A.2d 1; Millington v. Southeastern Elevator Co., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897; Fitzgerald v. Meissner & Hicks, Inc., 38 Wis.2d 571, 157 N.W. 2d 595; and Anno., Wife's Right of Action for Loss of Consortium, 36 A.L.R.3d 900.

Reversed and remanded for trial.

BIEGELMEIER and WINANS, JJ., concur.

WOLLMAN, J., dissents.

DOYLE, J., not participating.

WOLLMAN, Judge (dissenting).

On the undisputed facts in this record, I would hold that the defendant is entitled to statutory immunity from a common-law action for damages.

I concur in the last paragraph of the court's opinion.