Thoris C. "Mike"
MICKELSON, Plaintiff,

v.

NORTHERN PLAINS NATURAL GAS
COMPANY, Defendant.

No. CV 84–0–252.

United States District Court,
D. Nebraska.

Aug. 29, 1986.

---

Stanley White and Richard L. Steinberg, Detroit, Mich., James A. Rahm, Carrollton, Mo., J. Michael Moriarty, Fred H. Brown, Rickerson & Welch, Omaha, Neb., for plaintiff.

Charles F. Gotch, Cassem, Tierney, Adams, Gotch & Douglas, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

BEAM, Chief Judge.

This matter is before the Court for ruling on issues number 3 and 4 in the order on pre-trial conference dated February 26, 1986. At issue is whether the defendant Northern Plains Natural Gas Company ("Northern Plains") is immune from suit under the South Dakota Workers' Disability Act. The Court, after reviewing the materials submitted by the parties, finds that Northern Plains is not immune from plaintiff's claims.

## BACKGROUND

This is a personal injury action arising out of an accident at a pipeline construction site in Deuel County, South Dakota. The defendant, Northern Plains, was a member of a general partnership that had been formed to build this petroleum pipeline. The partnership, known as Northern Border Pipeline Company ("Northern Border"), consisted of five companies, each of whom was a general partner. Northern Border entered into a contract with Northern Plains, who as has been stated was also a general partner in Northern Border, to serve as construction manager for the pipeline project and to operate the completed pipeline. Northern Border also entered into contracts with several construction companies to perform the actual construction of the pipeline. One of these construction contractors, responsible for a portion of the pipeline located in South Dakota, was Willbros Energy Services ("Willbros"). The plaintiff, Thoris C. Mickelson, was an employee of Willbros at the time of his injury.

Mickelson was injured when a large piece of pipe rolled over and crushed him against a pick-up truck. He filed a workman's compensation claim with Willbros, who paid benefits under South Dakota law in the amount of $40,391.64. Northern Border purchased the worker's compensation insurance policy that covered all the contractors on the project, including Willbros. Northern Plains claims that because Northern Border paid the premium on the policy of worker's compensation insurance under which Mickelson has been compensated, and because Northern Plains is a general partner in Northern Border, that Northern Plains is immune from Mickelson's action for damages. The Court disagrees.

## DISCUSSION

■ Under the normal worker's compensation scheme, an employee who has been paid worker's compensation benefits is prohibited from suing his employer for dam-

ages. Under South Dakota law, two classes of immunity are set forth. First, an "employer or any employee, partner, officer or director of such employer" is immune from suit at common law if the employee is paid worker's compensation benefits. *S.D. Codified Laws Ann.* § 62–3–2 (1978). Here, Mickelson's direct employer was Willbros. Northern Plains is not an employee, partner, officer or director of Willbros. Accordingly, no immunity is granted by this section.

■ The second and more hotly contested issue is whether immunity exists under South Dakota's statutory employer statute, which states, "[a] principal, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of any one of his subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer." *S.D. Codified Laws Ann.* § 62–3–10 (1978). A person or entity that falls within the statute has a duty to compensate the injured employee and accordingly is entitled to immunity once the employee has received benefits. *Metzger v. J.F. Brunker & Sons, Inc.*, 84 S.D. 168, 169 N.W.2d 261 (1969). The test as to who is a "principal, intermediate or subcontractor" within the statute was set forth in *Blumhardt v. Hartung*, 283 N.W.2d 229 (S.D.1979). The Court said, "[t]he employer's immunity from common law liability arises from the fact that he contributes to the compensation fund; absent contribution, no immunity exists." *Id.* at 233. Defendant argues here that, as a general partner of the entity that paid the premium for the worker's compensation insurance policy, it is entitled to immunity under this section.

■ The key to resolving this issue is found within the plaintiff's complaint. Suit was brought against Northern Plains for negligence arising out of duties it undertook as the construction manager and operating partner of the project. Any liability that might be imposed upon Northern Plains in this action will lie because of acts or omissions committed by Northern Plains in its role as construction manager and operating partner—duties Northern Plains assumed as a contractee of the partnership. The fact that Northern Plains is a general partner in Northern Border does not confer the partnership's immunity, if any, on Northern Plains for acts it committed as the partnership's contractee. Northern Border, as a separate partnership entity, paid the premiums for the worker's compensation insurance policy. Nothing in the South Dakota statutes prohibits plaintiff from suing Northern Plains in its individual capacity as a corporation who contracted with the partnership to perform a valuable service, despite the fact that the partnership paid the insurance premiums.

■ South Dakota recognizes that an entity may not be entitled to immunity from suit by an employee when it is sued in a capacity separate from one for which immunity might be available. In *Wilson v. Havsold*, 86 S.D. 286, 194 N.W.2d 251 (1972), a case decided while fellow employees were still subject to suit at common law under the South Dakota worker's compensation statutes, suit was brought against the defendant for negligently operating a crane. The defendant was the president and majority stockholder of the company that employed the plaintiff. The defendant argued that he was entitled to immunity as the plaintiff's employer since the company had paid worker's compensation benefits to plaintiff. The Court disagreed, and held that the defendant could be held liable for negligence committed while he was acting as a fellow employee. His duties arose out of his conduct as a crane operator, not as the plaintiff's employer, and immunity was, therefore, not available. *Id.* at 293, 194 N.W.2d at 254–55. The same principle is applicable here. A legal entity can remain liable for the negligent breach of duties it has undertaken in a role which is separate and apart from responsibilities it may owe the same plaintiff in another role. Northern Plains had certain duties as the construction manager of the pipeline project. Liability arising out of those duties is not extinguished through its status as a partner in Northern Border. South Dakota

worker's compensation law does not, under such facts, confer immunity from suit upon Northern Plains.

Defendant also asserts that because plaintiffs have not alleged that the Northern Border partnership is insolvent or that there is no partnership property, the complaint fails to state a claim against Northern Plains as a general partner of the partnership. The analysis above is equally applicable here. This lawsuit is premised on Northern Plains' alleged negligence as a contractor of the partnership. Plaintiff is not seeking to impose liability on Northern Plains for a partnership-related obligation. Plaintiff need not allege the insolvency of the partnership under these facts.

Accordingly, the Court hereby rules in favor of the plaintiff, Thoris C. Mickelson and against defendant, Northern Plains Natural Gas Company, on controverted and unresolved issues numbers 3 and 4 in the order on pre-trial conference.

IT IS SO ORDERED.