#24657-a-RWS

**2008 SD 50**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

PAMELA MCDOWELL,                                    Plaintiff and Appellant,

  v.

CITICORP INC., CITIBANK
OF SOUTH DAKOTA, N.A.;
CRAWFORD & COMPANY,                          Defendants and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE WILLIAM J. SRSTKA, JR.
Judge

* * * *

CHET GROSECLOSE of
Chet Groseclose, Prof. LLC
Sioux Falls, South Dakota                          Attorney for appellant.


LON J. KOURI
DAVID A. PFEIFLE of
May & Johnson, PC
Sioux Falls, South Dakota                          Attorneys for appellees
                                                 Citicorp/Citibank of SD, N.A.

STEVEN W. SANFORD
MICHAEL A. HENDERSON of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota                          Attorneys for appellee
                                                 Crawford & Co.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 21, 2008

OPINION FILED **06/18/08**

#24657

SABERS, Justice.

[¶1.]        Pamela McDowell appeals the circuit court's denial of her motion to

amend her complaint to include pre-bankruptcy causes of action. We affirm.

**FACTS**

[¶2.]        This case begins in a workers' compensation case originating in

December of 1991. As a result of her injury, McDowell entered into a settlement

agreement with her employer's insurance adjustment firm, Crawford & Company

(Crawford), who administered workers' compensation claims on behalf of her

employer, Citibank/Citicorp (Citicorp).[1] McDowell also brought a lawsuit alleging

Citicorp had unreasonably delayed payments of her medical bills. She claimed the

unreasonable delay in her payments constituted bad faith, intentional and

negligent infliction of emotional distress, vexatious denial of claim, fraud, deceit and

intentional interference with a business relationship.[2]

[¶3.]        Citicorp moved for summary judgment. While the circuit court was

considering the motion, Citicorp learned McDowell did not include these claims or

---

1.     When problems continued, McDowell attempted to reopen her settlement
       agreement in circuit court. This attempt was denied by the circuit court and
       affirmed by this Court. *See* McDowell v. Citibank, 2007 SD 52, 734 NW2d 1
       (McDowell I). The defendants will be collectively referred to as Citicorp
       unless further distinction is necessary.

2.     The claims were brought in two parts. The first complaint alleged bad faith
       refusal to pay, negligence, negligent infliction of emotional distress, vexatious
       denial of claim and punitive damages. In August 2004, she amended her
       complaint (amended complaint) and claimed damages for bad faith, fraud and
       deceit, intentional and negligent infliction of emotional distress, intentional
       interference with business relations, vexatious denial of claim and punitive
       damages.

list any health care provider, hospital/clinic or collection agency of either on her October 20, 2000 bankruptcy petition. Citicorp petitioned the circuit court to hold McDowell was judicially or equitably estopped from bringing those claims. A hearing was held on May 2, 2005 where the parties discussed the effect of failing to list the pre-bankruptcy claims on the bankruptcy schedule. During that hearing, McDowell repeatedly agreed that the pre-bankruptcy claims could not be brought. Therefore, she amended her complaint a second time (second amended complaint), this time only including claims alleging bad faith, intentional and negligent infliction of emotional distress, and punitive damages for post-bankruptcy conduct.

[¶4.]    On June 6, 2005, the circuit court issued a memorandum decision that concluded McDowell was judicially estopped from asserting pre-bankruptcy claims. Citicorp was granted a partial summary judgment on the basis of judicial estoppel. Furthermore, the circuit court stayed the post-bankruptcy claims until a ruling could be obtained on her lawsuit to reopen her settlement agreement. Once the settlement agreement case had been decided, the circuit court dismissed the bad faith claim, which allegedly arose from post-bankruptcy conduct and granted summary judgment in favor of Citicorp on the remaining claims (also post-bankruptcy conduct).

[¶5.]    On October 18, 2005, an order for summary judgment in favor of Citicorp was entered along with a judgment of dismissal, which dismissed all McDowell's claims on the merits and with prejudice. McDowell reopened her bankruptcy case and added the pre-bankruptcy causes of action on November 21,

2005.[3] On December 2, 2005, McDowell petitioned the circuit court, Judge Kean, to amend her second amended complaint in order to add the pre-bankruptcy claims. Less than two weeks later, before the circuit court ruled on the issue, McDowell filed a notice of appeal. This Court affirmed the judgment. *See* McDowell v. Citicorp, 2007 SD 53, 734 NW2d 14 (McDowell II).[4]

[¶6.] On June 6, 2007, two months after *McDowell II* was issued, McDowell made a revised motion to amend her second amended complaint, which was denied by the circuit court. She appeals raising the following issues:

1. Whether the circuit court had jurisdiction to grant McDowell's motion to further amend her complaint.

2. Whether the circuit court erred when it denied McDowell's motion to amend her second amended complaint when the motion was filed two months after this Court had affirmed the dismissal of her complaint.

### STANDARD OF REVIEW

[¶7.] We review the decision denying plaintiff's request to amend pleadings under the abuse of discretion standard of review. Sejnoha v. City of Yankton, 2001 SD 22, ¶5, 622 NW2d 735, 737 (citing Tesch v. Tesch, 399 NW2d 880, 882 (SD 1987)). "An abuse of discretion occurs when 'discretion [is] exercised to an end or

---

3. Attorney for McDowell was also appointed by the bankruptcy court to represent the bankruptcy trustee's interest, but was not appointed until May 11, 2006.

4. McDowell's docketing statement from the appeal in *McDowell II* claims to appeal the order granting partial summary judgment (judicial estoppel of pre-bankruptcy claims) filed on June 20, 2005. However, the issue statement listed in the docketing statement only raises the issue whether the post-bankruptcy claims are actionable.

purpose not justified by, and clearly against, reason and evidence.'" *In re* Name Change of L.M.G., 2007 SD 83, ¶6, 738 NW2d 71, 73-74 (quoting Miller v. Jacobsen, 2006 SD 33, ¶18, 714 NW2d 69, 76).

[¶8.] **1. Whether the circuit court (Judge Kean) had jurisdiction to grant McDowell's motion to further amend her complaint while the case was on appeal.**

[¶9.] McDowell claims Judge Kean erred in not allowing her to amend her second amended complaint, even though the case was on appeal. She argues that the circuit court retained jurisdiction to allow her to add the pre-bankruptcy claims even though the case was on appeal. First, Citicorp argues that Judge Kean did not have jurisdiction to allow an amendment to a complaint that was on appeal. Second, Citicorp claims this issue is not properly before this Court because McDowell did not appeal from the denial of the motion in front of Judge Kean, but has only appealed the denial of the revised motion to amend in front of Judge Srstka.

[¶10.] The record reflects that McDowell only appealed "the Order Denying Plaintiff's Revised Motion to Amend Second Amended Complaint rendered in this action on the 29th day of August 2007." Therefore, we do not consider whether Judge Kean had jurisdiction to allow McDowell to amend her complaint to include pre-bankruptcy claims while appealing the dismissal of her post-bankruptcy claims.

[¶11.] **2. Whether the circuit court erred when it denied McDowell's motion to amend her second amended complaint when the motion was filed two months after this Court had affirmed the dismissal of her complaint.**

[¶12.] McDowell argues that Judge Srstka abused his discretion by denying her revised motion to amend her second amended complaint, even though all claims

within the second amended complaint had been dismissed and that dismissal had been affirmed by this Court two months prior to submitting the revised motion. McDowell argues that under SDCL 15-6-15(a) "leave shall be freely given when justice so requires" and Citicorp has not demonstrated it would be unduly prejudiced by allowing her to amend her complaint. Therefore, McDowell claims she should have been allowed to amend her complaint.

[¶13.] Citicorp argues that SDCL 15-6-15(a) is inapplicable because McDowell did not move to amend her complaint until after the judgment of dismissal had been granted and affirmed. In essence, Citicorp argues that there is nothing to amend since all the claims in the second amended complaint have been dismissed. Citicorp alleges that McDowell was required to set aside the judgment before being allowed to amend.

[¶14.] While a search of our case law does not reveal a case on point, other jurisdictions have considered this issue. The Eighth Circuit Court of Appeals noted that "[a]lthough a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed *after dismissal*." Dorn v. State Bank of Stella, 767 F2d 442, 443 (8thCir 1985) (emphasis added).[5] If a complaint is dismissed, "the right to amend under Fed.R.Civ.P. 15(a) [SDCL 15-6-15(a)] terminates." *Id.* (additional citation omitted). If the "dismissal of the complaint also constitutes dismissal of the action[,]" then the motion to amend is

_____

5. Dorn referenced the standard under Federal Rules of Civil Procedure Rule 15(a). However, Rule 15(a) and SDCL 15-6-15(a) are virtually identical and we may consider cases which interpret the federal rule. *See* State v. Westerfield, 1997 SD 100, ¶16, 567 NW2d 863, 868.

improper. *Id.* Other courts have held that once a judgment is entered, amending the pleadings cannot be allowed until the judgment is set aside or vacated. For example, in *Laber v. Harvey*, 438 F3d 404 (4thCir 2006), the Fourth Circuit Court of Appeals explained that a court cannot deny a motion to amend only because it has entered judgment against the plaintiff, but the court cannot grant the post-judgment motion to amend unless the judgment is vacated pursuant to Rule 59(e) or 60(b). *Id.* at 427 (citing Cooper v. Shumway, 780 F2d 27, 29 (10thCir 1985) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."); Scott v. Schmidt, 773 F2d 160, 163 (7thCir 1985) (holding same); 6 Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 1489 (1990) (additional citations omitted)). Also, the Second Circuit Court of Appeals has noted "[t]he merit of this approach is that '[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.'" Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F2d 240, 245 (2dCir 1991) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 1489, at 694 (1990)).

[¶15.] Therefore, there was no abuse of discretion in denying McDowell's revised motion to amend her second amended complaint after judgment of dismissal and summary judgment had been granted and affirmed. Essentially, there was no complaint left to amend. *See* Graham v. County of Washtenaw, 358 F3d 377, 385 (6thCir 2004); Sparrow v. Heller, 116 F3d 204, 206 (7thCir 1997). The denial of McDowell's motion is affirmed.

[¶16.] Furthermore, even if we were to consider SDCL 15-6-15(a) to be the standard, McDowell has not demonstrated that Judge Srstka abused his discretion by denying the motion to amend. When considering whether a party's motion to amend should be granted "the most important consideration in determining whether a party should be allowed to amend a pleading is whether the nonmoving party will be prejudiced by the amendment." Dakota Cheese, Inc. v. Ford, 1999 SD 147, ¶24, 603 NW2d 73, 78 (additional citation omitted). The decision to grant or deny a motion to amend will be left alone unless a *clear* abuse of discretion has occurred. *In re* T.A., 2003 SD 56, ¶38, 663 NW2d 225, 237 (citing Tesch v. Tesch, 399 NW2d 880, 882 (SD 1987)) (emphasis added).

[¶17.] The proposed third amended complaint attempted to add claims from over eight-to-ten years ago. As far back as 2000, the attorney for McDowell warned Citicorp that he was looking into a potential bad faith cause of action. Yet, McDowell did not list the claim on the bankruptcy schedule until 2005, but instituted this action in 2003. Indeed, when discussing this issue at a hearing in 2005, McDowell conceded that the pre-bankruptcy potential causes of actions were barred due to her failure to include them in the bankruptcy schedules. Citicorp has already engaged in substantial litigation, including an administrative hearing, two separate civil actions and two separate appeals. Citicorp would be unduly prejudiced if forced to defend another cause of action simply because McDowell did not list the pre-bankruptcy causes of actions during her bankruptcy and failed to fix that omission until 2005. *See* Union Planters Nat'l Leasing, Inc. v. Woods, 687 F2d 117, 121 (5thCir 1982) (noting the lower court did not abuse its discretion in

refusing to allow an amendment to the answer more than a year after filing the lawsuit, almost two years after the party was notified of the issue and after summary judgment had already been granted). McDowell has not shown an abuse of discretion.

[¶18.] For the foregoing reasons, we affirm.

[¶19.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.