#29718-a-SPM
**2022 S.D. 52**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DOUGLAS RIES,                                    Plaintiff and Appellant,

    v.

JM CUSTOM HOMES, LLC,                   Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT GUSINSKY
Judge

\* \* \* \*

HEATHER M. LAMMERS BOGARD of
Costello, Porter, Hill, Heisterkamp,
   Bushnell & Carpenter, LLP
Rapid City, South Dakota                        Attorneys for plaintiff and
                                           appellant.


GARY D. JENSEN
BRETT A. POPPEN of
Beardsly, Jensen & Lee, Prof. LLC
Rapid City, South Dakota                        Attorneys for defendant and
                                           appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
JANUARY 10, 2022
OPINION FILED **08/24/22**

#29718

MYREN, Justice

[¶1.]        Douglas Ries received workers' compensation benefits from his employer following an employment-related injury at a construction site where his employer was a subcontractor.  After receiving those workers' compensation benefits from his employer, Ries filed a negligence claim against the general contractor responsible for the construction project.  After extensive discovery, the general contractor sought leave from the circuit court to amend its answer to assert statutory immunity under SDCL 62-3-10, which the circuit court granted.  The general contractor subsequently moved for summary judgment based on that statutory immunity.  The circuit court granted summary judgment after concluding that the general contractor remained potentially liable for workers' compensation under SDCL 62-3-10.  Given the exclusivity provision found in SDCL 62-3-2, the circuit court concluded that workers' compensation was the sole remedy available to Ries.  Ries appeals, and we affirm.

**Facts and Procedural History**

[¶2.]        JM Custom Homes, LLC (JM) was the general contractor constructing a home in Rapid City, South Dakota.  JM subcontracted with Pine Tree Plumbing (Pine Tree) to complete the plumbing work on the home.  Pine Tree employed Ries.

[¶3.]        On June 6, 2017, Ries was injured in the home when he fell through an unanchored, plywood stair leading from the main level to the basement.  The stair caused him to fall and hang upside down on the staircase.  Ries sustained injuries to his right knee, left hip, and forearms.  He later underwent several surgeries, including a right knee replacement.  Following the incident, Ries filed a workers'

compensation claim under Pine Tree's policy because the injury occurred during the course and scope of his employment with Pine Tree. Pine Tree's insurer, Acuity Insurance, paid Ries's workers' compensation benefits. Ries then filed a negligence suit in circuit court against JM, the general contractor, alleging JM was negligent because it used unanchored, half-inch plywood on each step and failed to install handrails.

[¶4.] After the parties had engaged in extensive discovery, JM filed a motion to amend its answer to include statutory immunity as a defense. Ries opposed the motion to amend, arguing that JM waived its ability to assert statutory immunity because it failed to plead the defense in its initial answer. Both parties submitted affidavits regarding the motion to amend answer, provided briefs, and presented oral arguments to the circuit court. The circuit court signed an order granting JM's motion to amend answer on March 3, 2021. That order does not explain the circuit court's ruling, and there is no written decision in the record.[1] JM filed its amended answer on March 9, 2021, asserting statutory immunity under SDCL 62-3-10, which provides that "[a] principal, intermediate, or subcontractor is liable for compensation to any employee injured while in the employ of any subcontractor and engaged upon the subject matter of the contract, to the same extent as the immediate employer."

---

1. The record does not contain a transcript of the March 2, 2021 hearing on the motion to amend. Although it appears the circuit court issued a bench ruling, because of the absence of that transcript, we are unable to review any analysis or explanation provided by the circuit court. However, during a later hearing regarding the motion for summary judgment, the circuit court indicated that it had "found there was no prejudice that would prevent the amendment of the answer and the raising of the affirmative defense."

-2-

[¶5.]     JM moved for summary judgment on May 14, 2021, arguing that because it was subject to potential liability for workers' compensation benefits under SDCL 62-3-10, Ries's sole remedy was from workers' compensation. *See* SDCL 62-3-2 ("The rights and remedies granted to an employee subject to this title . . . exclude all other rights and remedies of the employee . . . except rights and remedies arising from intentional tort.").

[¶6.]     In response, Ries argued that JM was not entitled to statutory immunity under SDCL 62-3-10 because of language in JM's insurance policy. Noting that Pine Tree carries workers' compensation insurance, Ries claimed that JM's insurance policy excludes liability for subcontractors who operate under the Workers' Compensation Act (Act).

[¶7.]     The circuit court granted JM's motion for summary judgment and entered judgment on July 6, 2021. The circuit court determined that JM was potentially liable to Ries for workers' compensation under SDCL 62-3-10 and, because of the exclusivity provisions of SDCL 62-3-2, workers' compensation was Ries's sole remedy. Ries appeals and asserts that the circuit court abused its discretion when it allowed JM to amend its answer and that the court erred in granting JM's motion for summary judgment.

***Whether Ries's notice of appeal included JM's motion to amend answer.***

[¶8.]     As an initial matter, we address JM's claim that Ries cannot challenge the circuit court's decision to grant JM's motion to amend because Ries's notice of appeal did not specifically indicate an intention to appeal the circuit court's decision to allow JM to amend its answer.

[¶9.] "On an appeal from a judgment this court may review intermediate orders. However, they must involve the merits and necessarily affect the judgment appealed from." *Lang v. Burns*, 77 S.D. 626, 631, 97 N.W.2d 863, 866 (1959). Moreover, notices of appeal should "be liberally construed in favor of their sufficiency." *People ex rel. S.D. Dep't of Soc. Servs.*, 2011 S.D. 26, ¶ 8, 799 N.W.2d 408, 409 (quoting *Int'l Union of Operating Eng'rs Loc. No. 49 v. Aberdeen Sch. Dist. No. 6-1*, 463 N.W.2d 843, 844 (S.D. 1990)) (internal quotation marks omitted).

[¶10.] The amendment to JM's answer asserted the exclusivity provisions of SDCL 62-3-2, which provided the basis for the circuit court's order granting summary judgment. Because the order granting the amendment involves the merits of summary judgment, the issue is before this Court as part of Ries's appeal of the circuit court's decision granting summary judgment.

**_Whether the circuit court abused its discretion by granting JM's motion to amend its answer._**

[¶11.] We review the circuit court's decision to grant or deny a motion to amend pleadings using the abuse of discretion standard of review. *McDowell v. Citicorp Inc.*, 2008 S.D. 50, ¶ 7, 752 N.W.2d 209, 212. "An abuse of discretion occurs when 'discretion [is] exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Id.* (alteration in original) (quoting *In re Name Change of L.M.G.*, 2007 S.D. 83, ¶ 6, 738 N.W.2d 71, 73–74).

[¶12.] "Under South Dakota law, a defendant is required to plead any and all affirmative defenses in the answer to plaintiff's complaint." *Jurgensen v. Smith*, 2000 S.D. 73, ¶ 21, 611 N.W.2d 439, 442. However, "[a] trial court may permit the amendment of pleadings before, during, and after trial without the adverse party's

consent." *Klutman v. Sioux Falls Storm*, 2009 S.D. 55, ¶ 14, 769 N.W.2d 440, 446 (quoting *Burhenn v. Dennis Supply Co.*, 2004 S.D. 91, ¶ 20, 685 N.W.2d 778, 783); *see* SDCL 15-6-15(a) ("[A] party may amend his pleading . . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."). "An affirmative defense is not waived if the pleadings are properly amended to include the unpled defense or if the issue was tried by express or implied consent." *Dakota Cheese, Inc. v. Ford*, 1999 S.D. 147, ¶ 25, 603 N.W.2d 73, 78 (quoting *Beyer v. Cordell*, 420 N.W.2d 767, 769 (S.D. 1988) (emphasis removed)). "[T]he most important consideration in determining whether a party should be allowed to amend a pleading is whether the nonmoving party will be prejudiced by the amendment." *Id.* ¶ 24, 603 N.W.2d at 78 (quoting *Isakson v. Parris*, 526 N.W.2d 733, 736 (S.D. 1995)). "Prejudice is often shown when a party is surprised and unprepared to meet the contents of the proposed amendment." *Robinson-Podoll*, 2020 S.D. 5, ¶ 14, 939 N.W.2d at 38 (quoting *Tesch v. Tesch*, 399 N.W.2d 880, 882 (S.D. 1987)).

[¶13.]       JM filed a motion to amend its answer approximately eight months after its initial answer and after the parties had engaged in extensive discovery. Although Ries had informally requested pretrial deadlines, none had been agreed to by the parties or ordered by the circuit court. The circuit court had not set a trial date. Ries's ability to prepare to challenge JM's assertion of this defense was not restricted. Further, the circuit court found that allowing the amended answer would not prejudice Ries. Accordingly, we conclude that the circuit court did not abuse its discretion in granting JM's motion to amend.

***Whether the circuit court erred in granting summary judgment.***

[¶14.] "We review a circuit court's entry of summary judgment under the de novo standard of review." *Wyman v. Bruckner*, 2018 S.D. 17, ¶ 9, 908 N.W.2d 170, 174 (quoting *Heitmann v. Am. Fam. Mut. Ins. Co.*, 2016 S.D. 51, ¶ 8, 883 N.W.2d 506, 508). "We will affirm a circuit court's 'grant of a motion for summary judgment when no genuine issues of material fact exist, and the legal questions have been correctly decided.'" *Harvieux v. Progressive N. Ins. Co.*, 2018 S.D. 52, ¶ 9, 915 N.W.2d 697, 700 (quoting *Wyman*, 2018 S.D. 17, ¶ 9, 908 N.W.2d at 174). We do not give deference to the circuit court's decision to grant summary judgment under de novo review. *Oxton v. Rudland*, 2017 S.D. 35, ¶ 12, 897 N.W.2d 356, 360. "Statutory interpretation is a question of law for the court to determine, and when the trial court resolves the question in a litigant's favor, summary judgment is appropriate." *Sioux Valley Hosp. Ass'n v. State*, 519 N.W.2d 334, 335 (S.D. 1994).

[¶15.] "The purpose of the South Dakota Worker's Compensation Act is to provide an injured employee with an expeditious remedy independent of fault and to limit the liability of employers and fellow employees." *Thompson v. Mehlhaff*, 2005 S.D. 69, ¶ 11, 698 N.W.2d 512, 516. "There is an inherent trade-off" as the "employee is guaranteed compensation if injured on the job[,] but the employer's liability is limited in exchange for this certainty." *Id.* ¶ 11, 698 N.W.2d at 516–17. This "quid pro quo" under which the employer's assumption of liability is traded for immunity is codified in SDCL 62-3-2, which provides:

> The rights and remedies granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, *shall exclude all other rights and remedies* of the employee . . . *against the employer or any*

> *employee, partner, officer, or director of such employer,* except rights and remedies arising from intentional tort.

(Emphasis added.) Thus, the Legislature designed workers' compensation to be "the exclusive method for compensating workers injured on the job in all but extraordinary circumstances." *Harn v. Cont'l Lumber Co.*, 506 N.W.2d 91, 95 (S.D. 1993).

[¶16.] The Legislature did not limit the provisions on compensation exclusivity and employer immunity to apply only to the employee's immediate employer. Rather, the Legislature extended the provisions to any "principal, intermediate, or subcontractor," as each is potentially liable for workers' compensation. SDCL 62-3-10. While the employee must first bring a claim against his immediate employer, the principal "remains liable to pay all or any unpaid part of the compensation due." *Metzger v. J. F. Brunken & Son, Inc.*, 84 S.D. 168, 172, 169 N.W.2d 261, 263 (1969). This is evidenced by SDCL 62-3-10, which provides:

> A principal, intermediate, or subcontractor is liable for compensation to any employee injured while in the employ of any subcontractor and engaged upon the subject matter of the contract, *to the same extent as the immediate employer*. Any principal, intermediate, or subcontractor who pays compensation under the provisions of this section may recover the amount paid from any person, who, independently of this section, would have been liable to pay compensation to the injured employee. Each claim for compensation under this section shall in the first instance be presented to and instituted against the immediate employer, but such proceeding does not constitute a waiver of the employee's rights to recover compensation under this title from the principal or intermediate contractor. However, the collection of full compensation from one employer bars recovery by the employee against any others. The employee may not collect from all a total compensation in excess of the amount for which any contractor is liable. This section applies only in cases where the injury occurred on, in, or about the premises on which the principal contractor has

> undertaken to execute work or which are otherwise under the contractor's control or management.

(Emphasis added.)

[¶17.] This Court held in *Metzger* that a general contractor is subject to the same non-fault liability for workers' compensation as an immediate employer and therefore has statutory immunity from negligence actions. *Metzger*, 84 S.D. at 172, 169 N.W.2d at 263. *Metzger* involved similar facts to this case; the defendant, a general contractor, contracted with a subcontractor who employed Metzger. *Id.* at 169, 169 N.W.2d at 262. Metzger died while completing work for the subcontractor, and his administrator filed a workers' compensation claim against the subcontractor. *Id.* Metzger's estate received workers' compensation benefits from the subcontractor and then sued the general contractor, who sought statutory immunity under SDC 64.0108.[2] *Id.* This Court concluded that due to the general contractor's potential liability under workers' compensation law, the general contractor "should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation," as the contractor is, "in effect, . . . the employer for the purposes of the compensation statute." *Id.* at 172, 169 N.W.2d at 263 (quoting Arthur Larson, *The Law of Workmen's Compensation* § 72.31(a)–(b) (current version at Arthur Larson, *Larson's Worker's Compensation Law* § 111.04[1][a]–[b] (2021)).

[¶18.] Our holding in *Thompson v. Mehlhaff* reaffirmed these principles; there, we stated, "[t]he general contractor receives immunity because the general

---

2.    While *Metzger* contemplated SDC 64.0108, the statute was a predecessor of SDCL 62-3-10. The changes between the statutes are non-substantive.

contractor is the back-up provider of workers' compensation coverage." 2005 S.D. 69, ¶ 16, 698 N.W.2d at 518. In *Thompson*, two men, each employed by separate employers, were killed in a trucking collision while in the scope of their separate employment. *Id.* ¶ 3, 698 N.W.2d at 515. The estates of both men collected workers' compensation from their respective employers. *Id.* ¶ 4, 698 N.W.2d at 515. One worker's estate then sought to recover from the other worker's employer, asserting that the employer was vicariously liable for its employee's negligence. *Id.* The employer denied liability and asserted statutory immunity. *Id.*

[¶19.]     This Court determined that statutory immunity did not apply to this "type of down-the-ladder" claim because although general contractors receive immunity because they remain potentially liable for workers' compensation benefits, "the opposite is not true." *Id.* ¶ 16, 698 N.W.2d at 518. "The reason for the difference in result is forthright: the general contractor has a statutory liability to the subcontractor's employee, actual or potential, while the subcontractor has no comparable statutory liability to the general contractor's employee." *Id.* (quoting Arthur Larson, *Worker's Compensation Law* § 111.04[2] (2002)).

[¶20.]     Ries argues that JM's insurance policy precludes the application of SDCL 62-3-10 for two reasons: (1) the policy named JM as the "insured" rather than a subcontractor; and (2) Pine Tree was operating under the Act; therefore precluding JM's liability. Ries relies on the following language found within JM's policy: "The Workers Compensation Law may make you responsible to the employees of a contractor (or subcontractor) doing work for you, unless such contractor (or subcontractor) is operating under the Workers Compensation Act."

Ries contends that JM would ordinarily be liable for subcontractors *but for* this language. He argues that because Pine Tree was operating under the Act, the insurance policy's language eliminates JM's liability for workers' compensation benefits owed to a subcontractor's employee. Citing *Metzger*, Ries asserts that because JM is not liable to the same extent as a subcontractor due to the policy's language, it cannot claim statutory immunity under SDCL 62-3-10. Ries also argues that a disputed material fact exists regarding the statute's application, precluding summary judgment.

[¶21.] In response, JM argues that the language of the insurance policy between JM and its insurer is irrelevant to the application of the statutory immunity provided by the Legislature. Alternatively, JM asserts that interpretation of the policy language and its effect on statutory immunity is a question of law. Along that vein, JM argues that the policy language does not exclude benefits to employees of a subcontractor; instead, they argued the "provision advises the insured that a state's workers' compensation law *may* make the insured liable to employees of a subcontractor unless the subcontractor is operating under a workers' compensation act." JM also argues that the policy provided coverage when it stated, "[w]e will pay promptly when due the benefits required of you by workers compensation law."

[¶22.] Ultimately, however, we think the question before us has less to do with whether JM was obligated to cover *this injury* and is better focused more broadly upon whether JM has accepted the obligation to be liable under the workers' compensation statute. As *Metzger* and *Melhaff* explain, a general

contractor's claim for immunity exists solely because of its ancillary liability to pay workers' compensation benefits to injured subcontractors' employees under SDCL 63-3-10. This exchange of immunity for liability is emblematic of an indirect, more remote relationship between a subcontractor's employees and a general contractor cast in the role of a statutory employer. Though it differs from the traditional employee and employer relationship, it is no less connected to the statutory moorings of our workers' compensation system, which require, among other things, that employers "accept" the provisions of our workers' compensation statutes.

[¶23.] A private-sector employer is "deemed to have accepted" if it has secured its obligation to pay benefits by purchasing insurance, entering into a reciprocal or interinsurance contract, or complying with self-insurance rules. *See* SDCL 62-3-5; SDCL 62-5-2 to -3, -5. An employer who fails to secure its liability using one of these methods "shall be deemed to have elected not to operate under" the workers' compensation system. SDCL 62-5-7.

[¶24.] Thus, JM is incorrect when it argues that "worker's compensation coverage is irrelevant to whether worker's compensation is Ries's exclusive remedy and that JM is immune from this negligence lawsuit." To avail itself of statutory immunity, JM must show that it has "accepted" the workers' compensation statutes by securing benefits for the employees of its subcontractors. JM's insurance policy secures such coverage.

[¶25.] The language found in SDCL 62-3-10 and SDCL 62-3-2 is clear. A general contractor, which has availed itself of the workers' compensation statutes, is potentially liable to a subcontractor's employee for workers' compensation

benefits under SDCL 62-3-10. Where such potential liability exists, as it does here, SDCL 62-3-10 provides that Ries's sole remedy is workers' compensation. Such a result is consistent with *Metzger* and *Thompson*. Here, JM is the general contractor who, in turn, subcontracted with Pine Tree. Pine Tree employed Ries. Though Ries was statutorily required to file a claim against Pine Tree, JM remained potentially liable for workers' compensation benefits under SDCL 62-3-10. Thus, the exclusive remedy provision found in SDCL 62-3-2 limited Ries's recovery to workers' compensation, which he received from Pine Tree. The circuit court did not err in granting JM's motion for summary judgment. We affirm.

[¶26.]     KERN, SALTER, and DEVANEY, Justices, concur.

[¶27.]     JENSEN, Chief Justice, dissents.

JENSEN, Chief Justice (dissenting).

[¶28.]     I agree with the majority opinion that "[t]o avail itself of statutory immunity, JM must show that it has 'accepted' the workers' compensation statutes by securing benefits for the employees of its subcontractors." However, I dissent from the opinion affirming summary judgment because JM failed to make the necessary showing that it is an "employer" entitled to immunity under the exclusive remedy provisions of the workers' compensation statutes.

[¶29.]     To prevail on its motion for summary judgment, JM had the burden to prove its affirmative defense that it was an employer entitled to claim the benefit of the exclusive remedy provision in SDCL 62-3-2. *See Zephier v. Cath. Diocese of Sioux Falls*, 2008 S.D. 56, ¶ 9, 752 N.W.2d 658, 663–64 (concluding that affirmative statutory defenses require the defendant to first "presumptively establish[] the

defense . . . [before] the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the [defense].'") (citation omitted).

[¶30.]    JM failed to present any facts in support of its statement of material facts showing that it paid Ries for any services he performed or that it is an employer entitled to claim immunity as provided in the exclusive remedy statute in SDCL 62-3-2.  Instead, JM presented facts showing that Pine Tree was a subcontractor of JM and that "Ries was an employee of Pine Tree[.]"

[¶31.]    Ries's response to the motion for summary judgment included a policy declarations page showing that Pine Tree had workers' compensation coverage in force for *its employees* at the time Ries was injured.  JM did not dispute this fact, and its statement of material facts included a recitation that Ries made a workers' compensation claim to Pine Tree and received benefits from Pine Tree's workers' compensation carrier.  Ries's submission also included the workers' compensation policy for JM in effect at the time of the injury.  The declarations page shows that the JM policy provided workers' compensation coverage for seven of its employees. JM made no showing that Ries was one of those employees or that it had purchased workers' compensation coverage for Ries under its policy.[3]

[¶32.]    SDCL 62-5-1 requires an "employer" under the workers' compensation statutes to "secure the payment of compensation to the employer's employees in one of the ways provided by § 62-5-2 or 62-5-3."  SDCL 62-5-2 and -3 provide that "[a]n employer may secure the payment of compensation to any employee" by purchasing

---

3.    Absent some showing that Ries was a covered employee under JM's policy, the general policy language that the insurer will "pay promptly when due the benefits required of you by the workers compensation law[,]" is unavailing.

workers' compensation coverage for an employee under SDCL 62-5-2 or by purchasing insurance to cover an employee through an association under SDCL 62-5-3. Alternatively, SDCL 62-5-5 allows an employer to self-insure to secure the payment of compensation under SDCL 62-5-1.

[¶33.]     If an employer secures the payment of compensation, SDCL 62-5-1 limits the liability of an employer to an employee for any work-related injury "arising out of and in the course of the employment only as specified by this title." However, SDCL 62-3-5 provides that no private employer "may be deemed to have accepted the provisions of this title unless the employer has complied with the provisions of §§ 62-5-1 to 62-5-5, inclusive." The quid pro quo explained in *Metzger* and *Thompson* is not implicated here as JM did not secure payment for Ries as required for an employer under SDCL 62-5-1. "The employer's immunity from common-law liability arises from the fact that he contributes to the compensation fund; absent contribution, no immunity exists." *Blumhardt v. Hartung*, 283 N.W.2d 229, 233 (S.D. 1979) *superseded by statute* SDCL 62-3-2 *as recognized by Canal Ins. Co. v. Abraham*, 1999 S.D. 90, ¶ 21 n.5, 598 N.W.2d 512, 517 n.5. Thus, JM cannot claim the immunity provided to employers under SDCL 62-3-2, even if we could somehow construe JM to be an "employer" under the statute.

[¶34.]     In addition to JM failing to meet its burden on summary judgment, a substantial question exists whether this Court should continue to rely on *Metzger* to support general contractor immunity under the exclusive remedy statute in SDCL 62-3-2. While not directly addressed in the parties' briefing, the exclusive remedy statute has changed since *Metzger* was decided. In *Metzger*, the exclusive remedy

statute in SDC 64.0104 foreclosed any "other rights and remedies" to an employee receiving workers' compensation benefits:

> The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death by accident arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death.

Applying this language, *Metzger* tied the broad immunity provided in SDC 64.0104 to SDC 64.0108, which made the general contractor secondarily liable for a workers' compensation remedy when an employee of a subcontractor was injured on the project and the employee did not receive full compensation from the subcontractor. Based upon the secondary liability of a general contractor, *Metzger* treated the general contractor as a "statutory employer" entitled to immunity from an injured employee's suit. At the time *Metzger* was decided, the plain language of the statute did not prevent this extension of immunity to a non-employer general contractor.

[¶35.] The current language of SDCL 62-3-2 specifically limits the immunity provided in the exclusive remedy statute to an employer by providing that "[t]he rights and remedies granted to an employee . . . on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of the employee . . . *against the employer or any employee, partner, officer, or director of the employer*[.]" (Emphasis added.) An "employer" is defined by SDCL 62-1-2 to include (1) any individual or entity "using the service of another for pay[,]" or (2) "[a]ny person performing labor incidental to the person's own occupation who has elected to proceed under the provisions of SDCL 58-20-3 by purchasing workers' compensation insurance to cover the person . . . irrespective of

whether the person is using the services of another for pay." JM does not meet either definition of an employer.

[¶36.] This Court has recognized that "proceedings under the Work[ers'] Compensation Law . . . are purely statutory, and the rights of the parties and the manner of procedure under the law must be determined by its provisions." *Martin v. Am. Colloid Co.*, 2011 S.D. 57, ¶ 12, 804 N.W.2d 65, 68 (alteration in original) (citation omitted). When called upon to interpret workers' compensation statutes we apply two rules of construction to determine the legislative intent:

> The first rule is that the language expressed in the statute is the paramount consideration. The second rule is that if the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction. When we must, however, resort to statutory construction, the intent of the legislature is derived from the plain, ordinary and popular meaning of statutory language.

*Progressive Halcyon Ins. Co. v. Philippi*, 2008 S.D. 69, ¶ 5, 754 N.W.2d 646, 649 (citation omitted). The language of SDCL 62-3-2 and SDCL 62-1-2 is clear that workers' compensation immunity is only extended to an "employer," and JM is not an "employer."

[¶37.] This reading of SDCL 62-3-2 is consistent with other jurisdictions that have analyzed whether a general contractor is the "statutory employer" of a subcontractor's employee when the exclusive remedy statute limits an injured employee's rights and remedies against only the employer. *See, e.g., Munoz v. Bulley & Andrews, LLC*, No. 127067, 2022 WL 186573, at *5 (Ill. Jan. 21, 2022) (holding that a general contractor was not entitled to immunity against a subcontractor employee's claim "under the plain language of [the exclusive remedy

statute] . . . ." because it did not qualify as an employer); *see also Meiggs v.*

*Associated Builders, Inc.*, 545 A.2d 631, 632 (D.C. 1988) (concluding that a general

contractor was not an employer of a subcontractor's employee under the District of

Columbia workers' compensation statutes, and therefore, did not enjoy immunity

under the exclusive remedy provision). In *Munoz*, the Supreme Court of Illinois

recently applied the plain language of its workers' compensation exclusive remedy

statute to hold that "while the [workers' compensation act] bars an employee from

bringing a civil suit directly against his or her employer, it does not limit the

employee's recovery from a third-party general contractor." *Munoz*, at *7.

[¶38.]        *Metzger's* analysis extending immunity to a general contractor is no

longer sustainable in view of the plain language of SDCL 62-3-2 limiting the

exclusive remedy protections to *employers* of the injured worker.[4] Additionally, the

quid pro quo immunity articulated in *Metzger* has no application under our current

workers' compensation scheme where a general contractor has not purchased

coverage and contractually relies upon the subcontractor to purchase coverage for

its employees. "The intent of a statute is determined from what the legislature said,

rather than what the courts think it should have said, and the court must confine

---

4.      Neither does SDCL 62-3-10 support an adherence to *Metzger*. A general
        contractor is secondarily liable under SDCL 62-3-10 to provide workers'
        compensation benefits to a subcontractor's employee, but only in the event
        the subcontractor's employee does not receive "full compensation" from the
        subcontractor. SDCL 62-3-10 is simply a legislative mandate requiring a
        general contractor to ensure its subcontractors provide workers'
        compensation to its employees. The statute is silent in terms of providing
        any immunity to a general contractor. Further, SDCL 62-3-10 has no
        application when a general contractor has not purchased workers'
        compensation coverage or paid any benefits to an injured employee of the
        subcontractor.

itself to the language used." *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (citations omitted).

[¶39.]     *Thompson* is no more persuasive.  The issue in *Thompson* was whether a subcontractor was entitled to immunity under the workers' compensation statutes from an action by a general contractor's employee.  2005 S.D. 69, ¶ 16, 698 N.W.2d at 518.  In concluding that the subcontractor could not claim the benefit of the exclusive remedy statute in SDCL 62-3-2, *Thompson* seemingly reaffirmed *Metzger*, in dicta, by reasoning that the "general contractor receives immunity because the general contractor is the back-up provider of worker's compensation coverage." *Id.* However, *Thompson* did not reexamine the applicability of the exclusive remedy statute to a general contractor, and in particular, failed to consider the effect of the legislative changes to the exclusive remedy provision in SDCL 62-3-2, limiting the grant of immunity to an employer.

[¶40.]     For these reasons, I would reverse the entry of summary judgment because Ries's complaint for negligence against JM is not prohibited by the exclusive remedy statute in SDCL 62-3-2.